NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 25 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BLUMENTHAL DISTRIBUTING, INC.,
DBA Office Star,

      Plaintiff-counter-defendant-
      Appellant/Cross-Appellee

  v.

HERMAN MILLER, INC.,

      Defendant-counter-claimant-
      Appellee/Cross-Appellant.

Nos.  18-56471, 18-56493

D.C. No.
5:14-cv-01926-JAK-SP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted March 3, 2020
Pasadena, California

Before:  HURWITZ and FRIEDLAND, Circuit Judges, and KORMAN,[**] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

This cross-appeal arises out of Herman Miller, Inc.'s ("HM's") claims against Blumenthal Distributing, Inc. d/b/a Office Star Products ("OSP") for infringing and diluting its registered and unregistered claimed EAMES and AERON trade dresses.[1]

1.      We reject OSP's argument that the district court erred in holding that no adjustment to the infringement damages was required based on 15 U.S.C. § 1111's notice-of-registration requirement. Even assuming that the award was subject to that requirement, there was sufficient evidence, viewed in the light most favorable to HM, that the requirement was satisfied. The hangtag's trademark symbol and text stating that "HermanMiller and Eames are among the registered trademarks of Herman Miller, Inc."; the evidence of OSP's awareness of its potential infringement, which included an internal OSP email from September 2010 comparing its chairs to Eames chairs; and the adverse inference warranted by OSP's spoliation of records support a reasonable conclusion that OSP had notice of HM's registration pursuant to 15 U.S.C. § 1111 as of October 2010, when OSP began selling the first of its accused chairs.

2.      The district court did not abuse its discretion by upholding the jury's award of infringement damages. *See Skydive Ariz., Inc. v. Quattrocchi*, 673 F.3d 1105, 1110 (9th Cir. 2012) (applying the abuse of discretion standard). The award

_____

[1] We resolve the issues of the functionality of the claimed EAMES and AERON trade dresses and dilution in a concurrently filed opinion.

reflected all of OSP's profits from its sale of the accused chairs, and was justified by the evidence of OSP's conscious effort to "gain the value" of the Eames chairs' reputation and esteem. *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F. 3d 1059, 1073-74 (9th Cir. 2015); 15 U.S.C. § 1117(a). Moreover, in light of the evidence at trial of OSP's competition against HM for sales, OSP's profits from its accused chairs were at least a "crude" proxy for HM's lost profits, which, in light of the evidence of OSP's willfulness, was all that was needed. *Skydive*, 673 F.3d at 1112 (quoting *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 621 (9th Cir. 1993)).

3.      Even if we were to entertain OSP's single-sentence argument that there was not sufficient evidence of likelihood of confusion nor of secondary meaning for the unregistered claimed EAMES trade dresses, the argument expressly depends on the assumption that those trade dresses were functional, and is thus defeated by our holding, set forth in our concurrently filed opinion, that the jury's finding of their non-functionality was supported by sufficient evidence.

4.      We deny HM's motion for judicial notice as moot, as it concerns only legislative facts for which "[j]udicial notice . . . is unnecessary." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010). Since the associated exhibits contain only legislative facts, we are free to consult them to the extent we find them useful. *See Owino v. Holder*, 771 F.3d 527, 534 n.4 (9th Cir. 2014); FED. R. EVID. 201 advisory committee notes.

3

Based on this memorandum disposition and the simultaneously filed opinion, we affirm the judgment in favor of HM on its causes of action for the infringement of its registered and unregistered claimed EAMES trade dresses; we reverse the judgment in favor of HM on its cause of action for dilution; and we reverse the portion of the judgment regarding the Aeron chairs in its entirety, and remand for a new trial.

**AFFIRMED in part, REVERSED in part and REMANDED.**